Rachel Blyumkin (SBN: 326718)
Email: rachel@thedebtdefense.com
1001 Wilshire Boulevard, Suite 2236
Los Angeles California 90017
Tel: 833-952-9669

Attorneys for Plaintiff,
Richard Wayne Glover

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE GLOVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERCY L.L.C. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant(s). | Case No.:   8:22-cv-01157<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]**<br>2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]**<br><br>**JURY TRIAL DEMANDED** |

1
**CLASS ACTION COMPLAINT**

RICHARD WAYNE GLOVER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of VERCY L.L.C. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of Kansas, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in the State of California, and incorporated in the state of California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. The Court further has jurisdiction as Plaintiff seeks redress under Federal Statutes of the United States of America.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the State of California.

## PARTIES

4. Plaintiff is a natural person residing in Kansas and is a "person" as defined by 47 U.S.C. § 153 (39).

5. Defendant is a tax relief agency selling and soliciting tax relief services aimed at consumers and is a "person" as defined by 47 U.S.C. § 153 (39).

6. The named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around September 2021, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in 8888, in an attempt to solicit Plaintiff to purchase or utilize Defendant's service.

9. Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) during its solicitation calls to Plaintiff.

10. When Plaintiff answered the call, or if Plaintiff did not answer the call and it went to voicemail, Defendant had various male and female voices, all prerecorded, say the same exact sales script nearly verbatim, if not verbatim.

11. Defendant contacted or attempted to contact Plaintiff from telephone number (855) 441-1421, and others.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" nor had a prior established business relationship with Plaintiff to receive calls using an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

16. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

17. During the calls Defendant placed to Plaintiff's cellular phone, Defendant's agents identified themselves as calling from Defendant's business.

18. Plaintiff alleges on information and belief that Defendant employs scraping technology to collect phone numbers off of publicly listed websites, in an effort to generate sales leads. However, Defendant uses automated prerecorded voice technology to place these calls, without obtaining the prior express consent of the recipient of the call.

19. Defendant's automated calls are a widespread public nuisance, and have been the subject of various complaints on online forums.

20. Plaintiff, like the other putative class members whom he seeks to represent, has no prior established business relationship with Defendant, and has never provided Defendant with his phone number.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes"). The class concerning the Prerecorded Voice claims for no prior express consent (hereafter "The PRV Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22. Plaintiff represents, and is a member of, The PRV Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any artificial or prerecorded voice and such person had not previously provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

25. Plaintiff and members of The PRV Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and PRV Class members via their cellular telephones thereby causing Plaintiff and PRV Class members to incur certain charges or reduced telephone time for which Plaintiff and PRV Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and PRV Class.

26. Common questions of fact and law exist as to all members of The PRV Class which predominate over any questions affecting only individual members of The PRV Class. These common legal and factual questions, which do not vary between PRV Class members, and which may be determined without reference to the individual circumstances of any PRV Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a PRV Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service

    b. Whether Plaintiff and the PRV Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received numerous telemarketing/solicitation calls from Defendant using an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The PRV Class.

28. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments

and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

30. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of The Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the PRV Class**

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and the PRV Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of The Telephone Consumer Protection Act 47 U.S.C. §227(b).**

**On Behalf of the PRV Class**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the PRV Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

**FIRST CAUSE OF ACTION**

1. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the PRV Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

2. Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

3. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the PRV Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

4. Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED: June 13, 2022

                                               By: /s/ Rachel Blyumkin
                                                     Rachel Blyumkin
                                                     Attorney for Plaintiff
                                                     Richard Wayne Glover